## SIMPSON v. OLDHAM.

1. ATTACHMENT—EXECUTION OF WRIT.—Where, under the provisions of the Revised Statutes, ch. 112, §§ 1, 2, an attachment was issued upon a proper affidavit, but which was not annexed to the writ before it was executed. *Held,* that the writ was regular, and that it was error to quash it, and dismiss the suit with costs; but the service or execution of the writ should have been set aside, and the party permitted to procure the proper affidavit to be annexed, and the writ to be regularly executed.

(2 *Chand.* 129.)

ERROR to the County Court for *Grant* County.

This suit was commenced in the county court of Grant county on a promissory note held by the plaintiff against the defendant below, by attachment under the statute. A proper affidavit, and in accordance with the statute, was made and filed, and thereupon a writ of attachment was issued, which was served, property attached, and a return made. On the return day of the writ the plaintiff filed a declaration. On the day following the defendant filed a motion to quash the writ for the reason that an affidavit was not attached to the writ when served, as required by the statute, and upon the inspection of the papers, the county court sustained the motion, and quashed the writ.

On the fourth day of the term the plaintiff moved the court for a default against the defendant for the want of a plea, and asked that the plaintiff's damages might be assessed. The court overruled the motion, and decided that the suit was already quashed, and that the plaintiff was not in court, and could take no further proceeding in the cause. The defendant then made a motion for judgment for costs as against the plaintiff, which was granted. The plaintiff then made a motion for a rule that the defendant plead in the cause. The court overruled the motion, and the plaintiff excepted. Upon this state of the case a writ of error was sued out, returnable in this court.

*J. H. Knowlton*, for plaintiff in error, insisted that service of the attachment without the affidavit of the party, at whose suit the same was sued out, being annexed thereto, was not necessarily bad; that the return of the officer who had served the process, implies that he had served it in the manner required by law; that it was a settled principle of law that the return of the officer could not be impeached. The court must be governed by the return, and if the officer has returned falsely, the remedy for the party aggrieved is against him; that the inspection of the writ at a time when the affidavit was not annexed could not furnish such evidence that it was not attached at the time of the service, as that the court could act upon his own ocular inspection, in the settlement of this important fact.

*Eastman & Mills*, for defendant in error, insisted that the attachment was a nullity and had no legal operative effect, unless at the service of it the affidavit prescribed by the statute was annexed; that both were necessary to constitute an operative process and that the absense of either one nullified the proceedure; that it was the duty of the plaintiff to cause the affidavit to be annexed, and not the duty of the officer who made the service; that if both papers were necessary to make up such a process as the law required, clearly the writ could not be executed, in a legal sense, without being accompanied by the affidavit.

LARRABEE, J. It appears that the writ of attachment, in this cause, was properly issued; but the affidavit upon which it was issued was not annexed to it prior to its being executed. For this reason the writ was quashed, and judgment rendered against the plaintiff for costs.

We think this a valid objection to the service of the writ, but not a sufficient ground upon which the judgment of the court can be sustained. The service should have been set aside, and the party left to procure a proper one; but he

should not have been dismissed from court. Every step required by the statute was taken by him, except the mere annexing the affidavit to the writ, and this could have been done at any time before it was executed.

With this view, it is not necessary to notice the other errors assigned.

Judgment reversed.